UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **GERALD DAVISON** | **CIVIL ACTION NO. 21-2012** |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **LOUISIANA INDIGENT DEFENDER BOARD, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Gerald Davison, a prisoner at Claiborne Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately August 31, 2021, under 42 U.S.C. § 1983.  He names the following defendants: Louisiana Indigent Defender Board ("LIDB"), the Regional Director of the LIDB in his or her individual and official capacities, and Attorney Jeffery Sampson, Jr.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff was arrested on December 17, 2020.  [doc. # 10, p. 2].  He claims that his former public defender, Attorney Jeffery Sampson, Jr., rendered ineffective assistance by failing to communicate with him, investigate the facts of his case, secure the attendance of witnesses at hearings, and provide his bill of information.  [doc. #s 5-1, pp. 1-4; 10, p. 2].  He also claims that Sampson threatened that he would not "save" him or win his case if he refused a plea offer. [doc. # 5-1, p. 4].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff alleges that Sampson was "arrested on dope and gun charges" in July 2021. *Id.* Plaintiff suggests that because of Sampson's arrest, Plaintiff is now—eight months after his arrest—"back to the very start of his criminal proceedings." *Id.* "As of [October 26, 2021], Plaintiff still has no discovery, bond reductions, preliminary examination, or any other progressive court hearings. [sic]." [doc. # 10, p. 2].

Plaintiff claims that the LIDB failed to use its statutory and state constitutional authority to take corrective or disciplinary action against Sampson. [doc. # 5-1, p. 6]. He also alleges that the LIDB "failed to acknowledge complaints" against Sampson. [doc. # 10, p. 2].

Plaintiff claims that the Regional Director of the LIDB failed to "enforce board rules upon" Sampson, failed "to investigate the many complaints about" Sampson, and failed to supervise Sampson. [doc. #s 5-1, p. 7; 10, p. 2].

Plaintiff asks the Court to declare (1) that the LIDB failed "to take action to investigate the many complaints on public defender, Jeffery Sampson, Jr."; (2) that Sampson violated his First, Sixth, and Fourteenth Amendment rights; (3) that the Regional Director of the LIDB failed to "enforce board rules upon" Sampson and failed "to investigate the many complaints about" Sampson; and (4) that Sampson's failure to provide effective assistance of counsel at each stage of Plaintiff's criminal proceeding violated the United States Constitution, the Louisiana Constitution, the Louisiana Indigent Defender Board Rules and Regulations, and the Rules of Professional Conduct. [doc. # 5-1, p. 2].

Plaintiff asks the Court to order the LIDB and the Regional Director to investigate all complaints against public defenders and to make written reports on both the outcomes of the investigations and any disciplinary actions. *Id.* at 8. He asks this Court to investigate "this matter" and to compel the LIDB to perform its duties. [doc. # 10, p. 2].

Plaintiff seeks compensation for (1) his "physical and emotional injuries" caused by Sampson's misrepresentation and (2) "the deprivation of liberty" and "emotional injury resulting from [defendants'] denial of due process in connection with" his criminal proceeding. [doc. # 5-1, p. 8]. He also seeks punitive damages. *Id.* at 9.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights

complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. LIDB**

Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "State agencies . . . are not 'persons' within the meaning of the statute." *Lumpkins v. Off. of Cmty. Dev.*, 621 F. App'x 264, 268 (5th Cir. 2015) (quoting *Will*, 491 U.S. at 71)).

The LIDB—or more precisely, the Louisiana Public Defender Board—is a state agency. LA. REV. STAT. § 15:146(A). Thus, the LIDB is not a "person" under Section 1983.[3] Accordingly, the Court should dismiss Plaintiff's claims against the LIDB.[4]

---

[3] *See Lavergne v. Pub. Def. Fifteenth Jud. Dist. Ct.*, 2014 WL 931502, at *4 (W.D. La. Mar. 10, 2014), *aff'd sub nom. Lavergne v. Pub. Def. 15th Jud. Dist. Ct.*, 583 F. App'x 362 (5th Cir. 2014); *Ingram v. Louisiana Off. of Indigent Defs. Bd.*, 2013 WL 1637121, at *3 (E.D. La. Mar. 13, 2013), *report and recommendation adopted,* 2013 WL 1637062 (E.D. La. Apr. 16, 2013).

[4] "Moreover, even if it were amenable to suit under Section 1983, numerous courts have concluded that public defenders' offices are not state actors for purposes of Section 1983." *Lawrence v. Jefferson Par. Pub. Defs.*, 2021 WL 1733996, at *6 (E.D. La. May 3, 2021) (*citing Amir-Sharif v. Dallas Cnty. Pub. Defen. Office*, 233 Fed. Appx. 364 (5th Cir. 2007) (holding that Dallas County Public Defenders Office was not a state actor under Section 1983); *Johnson v. Louisiana*, 2009 WL 1788545 (W.D. La. 2009)).

### 3. Plaintiff's Public Defender

Plaintiff seeks relief from his former public defender, Jeffery Sampson, Jr. To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Attorney Sampson, Jr., did not act under color of state law. *See Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (finding, where the plaintiff alleged that his counsel was ineffective "for allowing two fundamentally defective indictments to be prosecuted against him," that counsel was performing a lawyer's traditional function); *Amir-Sharif v. Dallas Cty. Pub. Defs. Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (finding, where a plaintiff was concerned with the "quality of legal assistance being provided to him by appointed counsel and the public defender[,]" that "the attorney defendants . . . are not state actors for § 1983 purposes."); *Linn v. Saitin*, 575 F. App'x 531, 532 (5th Cir. 2014) (affirming, where the plaintiff alleged that a public defender and her supervisor rendered ineffective assistance, that the defendants were not state actors).[5]

---

[5] *See also O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972) (holding that the ineffective assistance of a public defender in a criminal case does not raise a claim cognizable under Section 1983 because no "state action" is involved and because Section 1983 was not intended as a "vehicle for prosecuting malpractice suits against court-appointed attorneys."); *U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) ("The court-appointed attorney, like any retained counsel, serves his client. He represents the client, not the state. The ancillary facts that the court has a hand in providing counsel, and that the attorney selection board in Orleans Parish obtains its authority from statute, do not alter the attorney-client relationship. That relationship is our concern here. Accordingly, the district court correctly disallowed any [Section] 1983 claim raised by Plaintiff-Appellant, since the situation presents no state action.").

Plaintiff alleges that Sampson, Jr., threatened that he would not "save" Plaintiff or win his case if Plaintiff refused a plea offer. [doc. # 5-1, p. 4]. This allegation, however, does not render Sampson, Jr., a state actor. *See Henderson v. Jasper Police Dep't*, 438 F. App'x 356, 357 (5th Cir. 2011) (finding, where the plaintiff alleged that her attorney "threatened her into pleading guilty[,]" that her claim was "without merit because she has not shown that he was an official state actor.").

The Court should dismiss Plaintiff's claims against Sampson, Jr.

### 4. Regional Director of the LIDB

Plaintiff claims that the Regional Director of the LIDB failed to "enforce board rules upon" Sampson, failed "to investigate the many complaints about" Sampson, and failed to supervise Sampson. [doc. #s 5-1, p. 7; 10, p. 2].

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "'[A] plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation.'" *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)).

Here, Plaintiff does not plausibly allege that the Regional Director affirmatively participated in any act that caused a constitutional deprivation or that there was a sufficient causal connection between the Regional Director's conduct and any alleged constitutional

7

violation.[6]  While Plaintiff alleges that the Regional Director failed to "enforce board rules upon" Sampson, failed "to investigate the many complaints about" Sampson, and failed to supervise Sampson, he does not allege that the Regional Director was involved in—or caused—either Sampson's actions or any constitutional violation.[7]

Instead, Plaintiff pleads only vicarious liability.  *See Polk Cty. v. Dodson*, 454 U.S. 312 (1981) (finding, where the plaintiff alleged that an Offender Advocate assigned an ineffective appellate counsel and established the rules and procedures for counsel, that plaintiff failed to present a claim because he relied on "a *respondeat superior* theory of liability."); *Walton v. Par. of LaSalle*, 258 F. App'x 633 (5th Cir. 2007) ("The head of the Indigent Defender's Board may not be held liable under § 1983 for appointing counsel to represent Walton.").

Plaintiff does not allege that the Regional Director implemented an unconstitutional policy, practice, custom, or procedure that deprived him of procedural due process or any other constitutional right.  *See Polk Cty.*, 454 U.S. at 326 (finding that an Offender Advocate was not liable based on public defenders seeking to withdraw as appellate counsel for indigent

---

[6] *See Dedrick v. Richards*, 47 F.3d 425 (5th Cir. 1995) ("An official who is sued in her individual capacity cannot be liable under § 1983 on the theory of *respondeat superior;* to be liable she must have been personally involved in the plaintiff's injury."); *Salcido v. Univ. of S. Mississippi*, 557 F. App'x 289, 292 (5th Cir. 2014) ("To make out a § 1983 claim against the Defendants in their individual capacities, Salcido must show that they were either personally involved in the constitutional violations alleged or that their wrongful actions were causally connected to the constitutional deprivation.").

[7] *See Milam v. City of San Antonio*, 113 F. App'x 622, 628 (5th Cir. 2004) ("[I]it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation, could have *caused* the deprivation."); *see also Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. 2004) ("claims that [] defendants violated [a plaintiff's] constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Robinson v. U.S., Fed. Bureau of Investigation*, 185 F. App'x 347, 348 (5th Cir. 2006) ("The alleged failure to investigate complaints and to take action in response to them does not provide a basis for a civil rights suit.").

defendants where there was no allegation that any deprivation was caused by a constitutionally forbidden rule or procedure).

Plaintiff does allege that the Regional Director failed to supervise and investigate complaints concerning, Sampson, but these allegations are conclusory. For example, he does not plausibly allege that any failure to investigate complaints *caused* a constitutional deprivation because he does not specify whether complaints against Sampson occurred before or after Sampson represented him. More important, he does not detail the nature of the alleged complaints against Sampson and thus does not establish that any complaints were sufficiently similar to his allegations against Sampson.[8] In turn, he does not plausibly allege that the Regional Director was deliberately indifferent to known, obvious, or highly predictable consequences of any failure to supervise or investigate Sampson. *See Covington v. City of Madisonville, Texas*, 812 F. App'x 219, 227 (5th Cir. 2020) (finding no failure to supervise because none of the other instances of wrongdoing alleged bore the "necessary similarity" to the misconduct the plaintiff experienced).

Accordingly, the Court should dismiss Plaintiff's claims against the Regional Director.[9]

---

[8] *See Clark v. Thompson*, 850 F. App'x 203, 207–08 (5th Cir. 2021) ("Clark claims to show a pattern of unconstitutional conduct done on behalf of friends and romantic partners through the raw number of complaints against the police force. But [a] successful showing of such a pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question.") (quotation marks and quoted source omitted).

[9] Even if Plaintiff stated a plausible claim against the Regional Director, his claim would be barred under *Heck v. Humphrey,* 512 U.S. 477, (1994), and *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007), because the claim is premised on the underlying allegation that Sampson, Jr., provided ineffective assistance of counsel, and a finding in plaintiff's favor on the clam could necessarily imply the invalidity of any conviction stemming from the proceeding in which he claims Sampson, Jr., rendered ineffective assistance.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Gerald Davison's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 22nd day of December, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge